UNITED STATES COURT OF APPEALS

**September 16, 2016**

TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MICHAEL SHERMAN TOLLIVER,

    Defendant - Appellant.

No. 16-5057
(D.C. Nos. 4:15-CV-00204-JHP-FHM
and 4:10-CR-00141-JHP-1)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, **GORSUCH**, and **McHUGH**, Circuit Judges.

Michael Tolliver seeks a certificate of appealability (COA) to contest the

district court's order dismissing his 28 U.S.C. § 2255 motion for collateral relief

from his conviction and sentence. But to obtain a COA Mr. Tolliver must first

make "a substantial showing of the denial of a constitutional right," 28 U.S.C.

§ 2253(c)(2), which requires him to establish "that reasonable jurists could debate

whether . . . the petition should have been resolved in a different manner or that

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the issues presented were adequate to deserve encouragement to proceed further,"
*Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).
And this much Mr. Tolliver has not done. He claims his counsel was ineffective
in a variety of ways that offend the Sixth Amendment. But in a thorough 29-page
opinion the district court explained all the various problems attending Mr.
Tolliver's claims, and we adopt its reasoning as our own.

For example, Mr. Tolliver first and primarily complains that his trial
counsel offered bad advice that induced him into choosing trial rather than a plea
deal that promised him a five-year prison term. But as the district court noted,
Mr. Tolliver's lawyer did not counsel him to reject (or accept) the plea deal and
placed no pressure on him either way. To be sure, counsel did prepare a
memorandum relating to Mr. Tolliver's potential sentence exposure in the event
of a loss at trial and discussed Mr. Tolliver's exposure with him. And according
to counsel's calculations, Mr. Tolliver faced a prison sentence of as long as 140
years if he lost at trial. To be sure, too, Mr. Tolliver now contends that, in fact,
he faced an even more substantial potential prison sentence and that, had he
known as much, he would have taken the plea deal. But this much is hard to
follow. As the district court observed, Mr. Tolliver fails to offer any credible
reason why he would have rejected a five-year plea deal knowing he faced a
potential sentence of 140 years yet would have accepted the same deal if only he
had known he faced an even longer potential sentence. In the district court's

words, Mr. Tolliver offers no more than a "self-serving statement" that counsel's sentencing calculation error prejudiced him, a statement that "is not credible" on the record at hand. D. Ct. Op. at 15. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (requiring proof of prejudice as well as deficient performance).

By way of further example, Mr. Tolliver argues that his trial counsel was defective for failing to challenge the constitutional sufficiency of his indictment. He contends that his lawyer should have argued that his conviction under 18 U.S.C. § 844(h)(1) required proof that he committed the underlying felony of mail fraud. But this court considered and rejected that very argument in Mr. Tolliver's direct appeal. *United States v. Tolliver*, 730 F.3d 1216, 1225 (10th Cir. 2013) ("[T]he government did not need to indict [Defendant] for or convict him of the predicate offense [of mail fraud] in order to obtain a conviction for violation of § 844(h)(1)." (second and third brackets in original)). And it is difficult to discern how Mr. Tolliver might have been prejudiced by trial counsel's failure to raise a legal argument that was later pressed and rejected on the merits on appeal.

The request for a COA is denied and this appeal is dismissed. Mr. Tolliver's unopposed motion to seal Appellant's Appendix Volume XI is granted.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge